## United States District Court
### Middle District of Florida
### Fort Myers Division

Rayvon L. Boatman
_____
*(In the space above enter the full legal name of the plaintiff)*

Bazioch LHe; -against- Michael Johnson;
Ari Deutsch; Donald Sawyer; Rebecca Jackson;
Emily Salema; Melinda Masters;
Richey McCawley; CARRole Delass;
Katja Haase; Sarah Senter; Dorothy
(Dott) Liddle; Shawn B. Duffee, Esther
Jacobo; Greg Venz; Dan Montaldi;

*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the*
*space provided, please write "see attached" in the space*
*above and attach an additional sheet of paper with the full list*
*of names. The names listed in the above caption must be*
*identical to those contained in Section IV. Do not include*
*addresses here.)* Jane Doe Morris;
(DCF); Wellpath Recovery Solutions; (CCRS)
Correct Care Recovery Solutions; 
J. P. Carner; Cristine Marshall; (SVPPD);

**COMPLAINT**

Case No: 2:20-cv-494-FtM-38MRM
*(To be filled out by Clerk's Office only)*

**COMPLAINT**
*(Pro Se Prisoner)*

Jury Demand?
☑ Yes
☐ No

"I am not a Prisoner"

See attached page: (1-A)
of (10).

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Page (1-A)-of (10);                              5/16/2020.
              Continued List of Defendant(s).

Christine Marshall;        Geo Care Group, Inc;
Robert Siedlecki;          Correct Care Recovery;
Jorge Domenici;            (DCF); Wellpath Recovery
William H. Jaynes;         Solutions; and (SVPPD);
Dale W. Frick; and         Michael Johnson; Jane Doe
Laura K. Leonard;          Morris; Ari Deutsch;
                           John Carner P;

Defendants Are Correctly named, All information
at the Plaintiff's Knowledge.

Page (1-A)

Case 2:20-cv-00494-SPC-M_M    Document 1    Filed 07/13/20    Page 3 of 41 PageID 3
Case 2:18-cv-00418-SPC-MRM    Document 40-1    Filed 05/12/2020    Page 2 of 10 PageID
316

## I.    COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☑    42 U.S.C. § 1983 (state, county, or municipal defendants)

☑    Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II.    PLAINTIFF INFORMATION

*Ray Boatman*

Boatman    Rayvon L    /    Lavon Lee Boatman
Name (Last, First, MI)                                              Aliases

#991180 — (FCCC)
Identification #

Florida Civil Commitment Center — (FCCC)
Place of Detention

13619, S.E. HwY (Highway) 70
Institutional Address

ArCadia,                    Florida            34266
County, City                    State                    Zip Code

## III.    PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐    Pretrial detainee
☑    Civilly committed detainee
☐    Immigration detainee
☐    Convicted and sentenced state prisoner
☐    Convicted and sentenced federal prisoner

Case 2:20-cv-00494-SPC-M_M    Document 1    Filed 07/13/20    Page 4 of 41 PageID 4
Case 2:18-cv-00418-SPC-MRM    Document 40-1    Filed 05/12/2020    Page 3 of 10 PageID
317

## IV.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not
provided, it could result in the delay or prevention of service. Make sure that the defendant(s)
listed below are identical to those contained in the above caption. Attach additional sheets of
paper as necessary.*

Defendant 1:    Donald Sawyer,
                Name (Last, First)
                Director/Administrator (Fccc);
                Current Job Title
                13619 S. E. Hwy 70
                Current Work Address
                Arcadia,          Florida          34266
                County, City      State            Zip Code

Defendant 2:    ▓▓▓▓▓▓▓▓ Jackson Rebecca
                Name (Last, First)
                As Clinical Director of (Fccc) last
                Current Job Title
                Unknown — Moved On — U.S.A.
                Current Work Address
                Unknown          Unknown          Unknown
                County, City      State            Zip Code

**Defendant(s) Continued**

Defendant 3:    ▓▓▓▓▓ Salema Emily
Name (Last, First)

Present Clinical Director for (Fccc)
Current Job Title

13617 S. E. Hwy 70
Current Work Address

Arcadia,        Florida        34266
County, City          State          Zip Code


Defendant 4:    Masters, Melinda
Name (Last, First)

Assistant to "resent" Clinical Director (FCCC)
Current Job Title

13619 S. E. Hwy 70
Current Work Address

Arcadia,        Florida        34266
County, City          State          Zip Code


[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

(IV) (SECTION)

(4A.) Defendant's Information: Additional Defendants:
Section IV:

▮▮▮▮ McCawley Rickey;
Clinical Assessment Coordinator;
13619 S. E. Hwy 70
Arcadia, Florida 34266

Delass, Carsole, Ey.D.
Psychologist -
13619 S. E. Hwy 70
Arcadia, Florida 34266

▮▮ Haase, Katja;
Clinical-Team leader for Special Housing;
13619 S. E. Hwy 70 — last Known address:
Arcadia, Florida 34266

Senter, Sarah,
Clinical Case Worker,
13619 J. E. Hwy 70 - (last Known address) -
Arcadia, Florida 34266

▮ Riddle, Dorothy (Dotty);
Grievance Examinor;
13619 S. E. Hwy 70
Arcadia, Florida 34266

Durkee, Shawn B., Ph.D./
Licensed Psychologist, PY6334;

(4A)

(1)-(SECTION) (4)

13619 S.E. HWY 70
ArCadia, Florida 34266

Jacobo Esther,
Corporate office Staff (DCF);(Geo);
1317 Winewood Boulevard,
Tallahassee, Florida 32399 —

Venz Greg,
Corporate office Employee (DCF);(Geo);
1317 Winewood Boulevard,
Tallahassee, Florida 32399-

Montaldi Daniel, Ph.D., Administrator, Sexual-
Ly violent Program "
1317 Winewood Boulevard,
Tallahassee, Florida 32399-0700

Gazioch Ute;
Substance Abuse and Mental health Director,
    1317 Winewood, Boulevard,
Tallahassee, Florida 32399

(4)-(B.)

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: Tallahassee, Florida / wellpath Recoveryi (FCCC), (DCF), (wellpath); (CCRS) and (Geo Group); (SVPPD);

Date(s) of occurrence: 2/17/2015; 7/29/15; 2/16/18; 2/8/19; 1/25/2019; 2/10/20; and 2/4/2015; (11/20/13);

State which of your federal constitutional or federal statutory rights have been violated:

1st. 14th, 8th Amendments to the U.S. And Corresponding State Constitutions; Maltri Ctice, Gross negligence, Cruel and Unusual Punishments; Equal Protection Clauses;

State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe <u>how each defendant</u> was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).

FACTS:

1.) The defendants intent And with intentions to formulate, Create, Orchistrate And envent retaliatory exercises against this Plaintiff;

**What happened to you?**

2.) Whereine the Plaintiff Sought relief from threat of another fellow residents bullying tactics, And Continued Abuse,

3.) Plaintiff initially Sought help, Correction from the FCCC through the defendant Senter, who in turn Sought to Cover up Same; And Sought to Punish the Plaintiff.

4.) Plaintiff filed a facility request to be removed from the defendant Senter's Case load as my Clinician, Case worker; who, again in turn 2/17/2015. Sought to retaliate against Plaintiff And to Cover up Same.

Case 2:20-cv-00494-SPC-M_M    Document 1    Filed 07/13/20    Page 9 of 41 PageID 9
Case 2:18-cv-00418-SPC-MRM    Document 40-1    Filed 05/12/2020    Page 6 of 10 PageID
320

5.) The defendant Senter Sought her Supervisor, the defendant K. Haase, who agreed and instructed that the defendant Masters be Sought on the matter between 2/1/2015 - and 2020;

Who did what?

6.) The Plaintiff alleges that he'd been threatened punishment by the defendants Senter, acting in Concert with Masters and Haase, to remove the Plaintiff's resident worker position.

7.) The Plaintiff was transfered out of his earned position in the Special housing Program as a direct result of the defendants Haase, Senter, Masters, targeting the Plaintiff.

8.) The facility and Administrators and Central office Sexually violent Predator Program directors, John Doe and Jane Doe, Condone and Knowingly Authorize, Approve of, and agree to a Pattern, Continued Practice to retaliate.

9.) The defendants SVPP, DCF, CCRS, FCCC, and Sawyer, knowingly, willfully authorize, and/or Condone the local defendant's Sawyer, Masters, and Jackson, Salema's, Haase's, Senter's retaliatory abuses.

10.) The defendants Masters, and Senter, Jackson, and Haase, each, individually, Knowingly exercised get back at the Plaintiff after Plaintiff disclosed, wrote about, Complained

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

how the defendant Senter had used her Position to harass, as did Jackson, Haase, Masters and Porfert, Salema, Sawyer, to get back at the Plaintiff for having Sought to Prepare Suit against the defendants.

| Was anyone else involved? |
|---|

11.) Plaintiff was thrown into the defendant's Segregation / Confinement Unit for having Complained, and filed, and attempted to initiate grievances, by DCF's, Fccc's, Geo's, and CCRS' Approval And Agreement.

12.) See attached Affidavit (771) (1-5); dated 2/10/2015 - 2/12/2015. And Continual exercise by SVP, and wellPath recovery Solutions, And CCRS; in knowing Continued retaliation for Suit;

13.) The defendants removed the Plaintiff's approved and Privileged resident worker Program Position, as the Plaintiff had violation no facility rule; And denied due Process;

14.) witnesses to each turn of event were threatened to turn the head and not bare or Provide Statements in behalf's of the Plaintiff, An intimidation, Abusive tactic to get back, retaliate against the Plaintiff; CCRS, DCF, wellPath, Salema, Masters, in agreement.

15.) See Exhibit (433) dated Communication 5/5/2016; 2-pages; Exhibit (999), 8/20/2015; Same; and Exhibit (991) dated 2/20/2015; Communication form, (1-3);

## (STATEMENT OF FACTS CONTINUED)

16.) The Plaintiff being bullied by fellow resident Peer, a willie Stewart, who is no Longer at the facility, the Plaintiff being assigned to, And housed together with Stewart, didn't want to Cause trouble.

17.) The Plaintiff Sought the assistance of his Clinically assigned Case worker and mental health therapist, Sarah Senter, Newly assigned to the facility, at (FCCC)- Florida Civil Commitment Center; in Arcadia, Florida.

18.) Plaintiff was threatened Several different times by Stewart, And Plaintiff reported Same to his Case worker, the defendant Senter, who did nothing, ....

A.) As a direct result, and after having reported Some to Security, who'd threatened to lock the Plaintiff up in Confinement, behind a Single room, in a locked door, denied relief;

19.) between 2/10/2015 and 2/12/2015, Plaintiff was Continually Put out of the assigned Special housing unit's room where he was assigned with Stewart, by Stewart himself.

(7-A)

20.) The Plaintiff was told to take a walk, "(take a hike)" were the words of Stewart.

21.) The Plaintiff there after was Ordered to get off of Comode/toilet, defecating, and leave the room, but out by stewart;

22.) The reports went to Senter, the defendant, And; between 2/10/2015 and 2/12/2015, Plaintiff was and after attempting to get the defendant during, group Session, to hear the latest report on Plaintiff's problem, he was brushed off;

23.) Thereafter, Plaintiff is being required to bring his Shit (Problems) to group, and the Plaintiff, in mentioning Stewart; ...the defendant Senter became irate, irritated, hostile and again Ordered Plaintiff to leave group.

24.) The defendant Senter yelled at the Plaintiff, unprovoked, ordered that Plaintiff Should Leave group; aside to Stepping outside of the group's room door, to think, or readjust a moments And;

25.) The Plaintiff, before he'd been able to gather his treat-ment works off the floor, the defendant Senter Pushed a very large red wall button, for Security, She Called for help, a Panic-buttone as the Plaintiff exited the room-door 2/17/2015.

(7-B)

26.) The defendant Senter filed fabricated incident and/or disciplinary report Against the Plaintiff, in an undisclosed, Private effort to hide illegal violation of Plaintiff's right to Complain. 2/17/2015.

27.) See Exhibit (2); disciplinary report, (i.e., "behavior Management report") 2/17/2015, at 1030 hours; inclosed herein.

28.) The Plaintiff was being retaliated against for filing Complaints and Local grievances about the defendants. M. Masters, Jackson, Haase, And Sawyer and Riddle.

29.) The Plaintiff was barred from filing any facility Local grievance or appeals to (DCF)-Department of children And family Services) and Correct Care (Care) Recovery Solutions, And Geo Group, Inc's.

30.) Each of the herein Said defendant Geo, DCF, CCRS, and Svpp, (Sexually violent predator Program) failed to Comply with, And/or Create Policy requiring due Process Compliance;

31.) The resident had refused to move out of the bottom bunk, Allowing Plaintiff to remain, and was allowed to by Fccc, Sawyer, Jackson, Senter, and M. Masters, And all. See Exhibit (14); dated 7/2/2014.

(7-c)

32.) Each of these defendants, the facility failed to enf-
orce, Create any Policy to assure that, and enforc-
ce Compliance in Caring for the Plaintiff's needs,
Owed to the Plaintiff; See Exhibit (14A);(B-f); a local
facility (Geo) Communication form for residents. 7/2/14.

33.) The defendants Masters failed to Create Policy that
would instruct Correcting, or Correct Conflict reso-
lutions between Staff Clinicians And residents on
their Case Loads.

34.) The defendants Sawler, director,
Masters, And Haase, Jackson, And Geo, DCF, CCRS,
each Personally Condoned, Knew About, Should have
and had every reason to know of the Said Conflict
between Plaintiff, but failed to Create any Policy that
would Protect Plaintiff from Staff to resident Conflict
issues, or to require immediate resolve or Investi-
ation Violated due Process, Equal Protection Laws.

A.) See Exhibit (6b); (1-5); a residents Communication
form; dated 2/28/2015;

35.) Plaintiff did to attempt grievan-
ces to Put the defendants on Proper, direct notice; 7/24/
2015, Local grievance log #19845; Concerning retaliat-
ion by the defendants Senter, Haase, Masters, Jackson
And Sawyers; 2/2/15 - 7/24/15; Continuing;

(7-d)

36.) The facility's policy required a face to face resolution effort by the defendants, denied Plaintiff, by a defendant Dorothy (Dotty) Riddle, violating due Process of law. 7/27/2015. See Exhibit (16), Facility Grievance for residents, Local Log #14845;

37.) The Plaintiff had requested to be freed of Conflict between he and Senter, defendant; The Plaintiff's Case Worker -(Fccc) And was ignored, reply never given, See Exhibit (1-C); Grievance, local Log#14545; dated 4/9/2015; To the defendant Sawter. Exhibit (1-C) and (D) attachment.

38.) The defendants Jackson, Masters, And Sawter failed to manage the said treatment groups, sided with And Approved the Abuse exercised by Senter and K. Haase.

39.)        The defendant Senter threatened the Plaintiff, because Plaintiff requested to others to be removed to be moved from Senter's Case Load; 2/2015;

40.) The Clinical team Leader, K. Haase, Supervisor to S. Senter, encouraged Senter, As did masters, and Jackson, Geo, that Senter should fabricate an incident report against the Plaintiff, to Cover herself.

41) The defendant's M. Johnson, Senter, Masters, K. Haase, and Sawter, Jackson, Acted in Concert, together, Pri-

(7-e)

vately, in order to punish the Plaintiff after he'd filed grievance, Complained to others, And DCF, CCRS, FCCC, Geo, Agreed that the Plaintiff Should be tra- _nsfered from_ a higher Phase of the facility's tre- atment Program, _backwards,_ for Punishment Purposes, as a direct result of fillnog grievances against the defendants.

42.)    See Exhibit (O) (1-4); dated 7/23/15; facility grievance, Local Log #14845;

43.) The defendant M. Johnson fabricated an incident re- Port and/or disciplinary report against Plaintiff to whi- ch the defendant Senter used to further her means to Punish Plaintiff.

44.)        The actions of (Svff) directors, Haase, Sawyer, and Masters, each, _individually,_ acted in Knowing Concert, in agreement, to puni- sh the Plaintiff for his _attempt_ to Seell litigati- on against the defendants.

45.)                       used the facility appr- oved work Program for residents, in order to _puni-_     < _sh_ the Plaintiff _in Food Service, 8/25/2014, and 3/18/2015;_ The initial Charge was Overturned.

(17-F.)

46.) The Plaintiff filed Affidavit with Private Contractors, Geo, DCF, SVPP; And all; including CCRS; to no avail, took no action to investigate, review or Correct Abuses, discriminate, Singling out the Plaintiff for Complaining. <u>See Exhibit (47), Affidavit, dated 2/2/2014.</u>

47.) The actions of the defendants Senter, Haase, Masters, Sawyer, As did Verlarde, Carlose; And M. Johnson; who individually, <u>Personally attacked,</u> And <u>Singled out, targeted</u> Plaintiff's resident work and other Privileges; Continually; <u>See Exhibit (60)</u> a facility Grievance Appeal; <u>dated 6/30/15,</u> incident; <u>local Log#14626; local Log#14845; - 6/11/20.</u>

48.) <u>See Exhibit (61), attachment to local grievance #14626;</u> And; 8/29/14; Plaintiff was forced to Sign an Agreement Contract, by Senter; Under deceptive motives, Lied to Plaintiff;

49.) The defendant Verlarde, resident worker Program Director, R. Jackson, both acted in <u>Private, Knowing Agreement</u> to target Plaintiff, in an intent to and with intentions of intimidating the Claimant from filing grievances, and to Punish him.

50.) Private Company, <u>Via Fernandez, M., (DCF), (SVPP)</u> to `Correct Care,`

(7-g.)

again act in effect of affirmatively Approving the ongoing, and Continual Abuses of the Plaintiff, Agreed with the defendants. (DCF); (FCCC);

51.)    Plaintiff was advised he Could and never returned to Food Service in the Said Program, Authorized retaliation b/ Sawler, Fernandez, Verlarde, And Jack Don, Haase, together, Knowingly. See Exhibit (60), And attachment (61); 6/29/15; 1:15 AM.

52.)    Plaintiff was set back, forced to have to refeat the Program all over again; as get back for Complaining; See Local Log #14626; Grievance, 6/29/2015; See also Exhibit (0)-(4), Local grievance log#14845; 8/21/2015; 1/1/15; Continuing; Exhibit (4), 1/28/16;

53.)    Plaintiff was Placed into the defendant's Confinement, Punished, Loss wages, And earnings, as the retaliation exacted, against Plaintiff, a Cambange in active Conspiracy was being exercised against Plaintiff.

54.)    Plaintiff's intent to Sue the defendants was realized after Plaintiff's grievance were Lodged, And then notice to file Suit, 768.28; 766, Fla. Statutes (2017);

55.)    Plaintiff was Placed into the defendants Administrative Segregation Unit for Punishment Purposes alone, as intimodation tactic;

(7-H.)

56.) The defendants <u>forfert</u>, <u>Masters</u>, <u>Salema</u>, and <u>Carner</u> are generally <u>responsible</u> for <u>90%</u> ninety percent of the moves, reassignments, transfers of this type; And;

57.) Plaintiffs' requests, Grievances, and <u>Communication forms</u> allowed by the defendants for plaintiffs' use and other <u>Similarly Situated residents</u>, Are each forwarded directly to clinical for final decision and disposal, As most of these are never returned.

58.) The defendant's failure to Comply with, follow their own policy and rule requiring; ....

59.) Plaintiff being on the defendants' "Grievance Restriction" Policy, the defendants <u>are</u> still <u>required to</u>, <u>but</u> personally Chose not to, And/or, ... fail to follow own rules, where the rule, And/or <u>Contract agreed</u>, Set up, between DCF, Fccc, and wellpath, That:

60.) When a resident's grievance is not directly responded to, or <u>not yet resolved</u>, it would require a face-to-face (face-up) to attempt to Understand, and/or resolve the issue Complained, but fail; <u>See Exhibit (1888)</u>, dated 2/19/2015; Grievance of Fccc; <u>Tagging local log#'s</u>

61.) Thus, the Same grievances, <u>Exhibited at #s (1888), and (71)</u>;

(7-I)

a Letter in response to Plaintiff's Complain, where another issue of Abuse was Over looked by the defendants, DCF, Personally, even after haven been notifide, took no action, no Corrective Anything, <u>None</u>;

A.) <u>See Exhibit (48)</u>; <u>dated 6/15/2016</u>, facility Approved Communication form, from staff in the Clinical Area, as Porter; Salema, Masters, And DCF, Svlf; And Sawyer,

62.) Plaintiff was deliberately denied due Process, at the hands of the defendant's; <u>See Exhibit (48)</u>, and attached to that are <u>Exhibits (49), facility Approved grievance, dated 5/31/2016</u>; And;

63.) <u>Exhibit (50), dated 5/25/2016, an Approved facility grievance, Local Logs #'s (14423), (15786), (15765); and (51), an approved facility Grievance, dated 5/30/2016</u>, Grievances being returned by the defendant Riddle in violation of Resident (Rule)-hand book; where; ....

64.) It was clinical Staff, Porter, Masters, Salema, who'd acted, together, As Part of <u>Movement And treatment Committee and team members. 2/17/2015; 5/30/20; grievance log# 15774; 5/30/2016</u>)

65.) These defendants did act Personally, in an agreed Manner to illegally remove all Protected rights from the Plaintiff.

(7-Jv)

but for, the Plaintiff's filing grievances, he'd not be punished in every area of his existence at the Fccc, as defendants moved to retaliate against the Plaintiff, as they Collectively do so now: 5/30/20.

66.) As a direct and Proximate result of the grievances being routed to the Clinical and Mental health Staff, in the area of the defendants Masters, Salema, Porfert, by the defendant Riddle,

67.) The factual Connection would derive directly with the herein defendants, Per Order and agreement of Sawyer, Masters, Salema, and Porfert, Sull, DCF, Fccc, because this report was never investigated by Any One, nor was there any Contact with the Plaintiff had, or ordered, merely a Cover up, hidden from the Public, Privately to hide the bad acts of Fccc, DCF, Sull, Sawyer Masters, Salema, And Porfert, Riddle. 5/31/20, 6/2/20, and this Continues:

68.) The nature here of each defendant's Conduct was to act in an quite, hushed, agreed fashion with knowing intent, and intentions to hide wrongful acts Complained of, by the Plaintiff in furtherence of retaliatory illegal exercise for Prior and Pre-filed Civil Law Suits, And grievances Pending;

( 7-K:)

69.) The Spread and array of events, incidents, demonstrates an ongoing, widespread of deliberate taking, and the abuse of discretion by the defendants.

70.) The Plaintiff has also demonstrated herein, and asserts that the defendants are,.... and have Continually acted,

A.) and act in agreement to hide said violations from the Public, deliberately, knowingly, in an effort to avoid a investigation like the herein, or being found out.

71.) The Plaintiff's Punishment, is the intent, and intentions of the defendants Porter, masters, Sawyer, Salema, and Riddle, with defendant's Carner, to act in agreement to Separate the Plaintiff from all of his Personal Legal Proper- ty, And any Privileges, Upgrade, to level-4, Care grade, directly after Plaintiff Applied for resident worker Positi- ion, discriminately, retaliatorialy, Preplanned the transfering of the Plaintiff from the general Popul- ation to Punishment Status in Lock-up, at Fccc, 5/30/20.

72.) See defendant's Local Grievance Log #15400; dated on 1/28/2016. for discriminate Abuse, exercise, Continu- ing exercise illegally, Singling out the Plaintiff for fil- ing facility Complaints and grievances, a Searies of Punishment and get back for filing suit.

(7-L)

(CONTINUED FACTS)

73.) Plaintiff asserts that his now Suit has filed, and Angered the defendants to the point of meddling, and transfering all of the Plaintiffs' privileges.

74.) There is an incentive Program to and for approximately 571 (five hundred plus Seventy one) other Similarly Situated residents at Fccc.

75.) The resident worker Program, based upon the defendant's Created Care-Level System; one-Through Five;

76.)        The Plaintiff has been made a level 3-Three, Like "non-Privileged Status;" being rejected, Unfit, unqualified for, discriminated against, denied, Forced to be Poor; and unable to Care for himself; financially, as a direct result of the Abuses, deliberate indifference of the Fccc, DCF, CCRS and SVPP directors, when;

74.) Created Policies at Fccc, And had knowledge of; and/or had every responsibility to know Geo, Sawyer, Masters, Salema, and Gazioch Ute; that thes Said Policies were and are Punitive Punishing Plaintiff at Fccc.

(7-M.)

75.) Created a Psychological and emotional death for the Plaintiff for having filed previous Suit in this Court Under this Courts investigation.

76.) Physically Subjecting the Plaintiff to Emotional Mental Anguish, upset, depression and Sometimes, Near Psychotic trauma, Chronic Physical Pain and Suffering and Loss of Suit.

77.) forcing the Plaintiff to trip him up to failure as an orchistrated, Preplanned intent and intentions to injure the Plaintiff for filing Suit; And local grievances.

78.)        The defendants Listed herein, each, together, personally acted in agreement to punish the Plaintiff; by opening the Plaintiff's Legal mail, outside of his Presence, refusing to Mail, Forward Legal mail, holding Same.

79.)        The Prohibition of Serious benifits' of the Program, as the above and more denied by Masters; Porfert; Jackson, Sawyer, and Haase, Johnson, acts, and acted in agreement, Likemindedness, to exercise Punishment, Like Riddle, mishandling mail, Grievances, Lying in the records; See Exhibit (#16) and (#4);

80.) The Plaintiff's Suffering is Psychological damage.
                    (7-N.)

81.) The Plaintiff's <u>Communication</u> herein being asserted and alleged is <u>Punitive</u>, <u>Punishment</u> that is not only illegal, but both <u>Unconstitutional</u> and <u>unlawful</u>.

82.) The defendants, Pursuant to this Courts order to <u>Amend</u>; have each, Sawyer, Masters, Johnson, Morris, Senter, Correct Care, DCF, Geo Group; and all; have together, Collectively, Knowingly, acted in agreement to Punish the Plaintiff;

83.) <u>Wellpath, McCawley, DeLoss, Salema, and Venz, Gazioch Ute; Jackson, Durfee and Jacobo, Montaldi, Deutsh, Ari; J. P. Carner, and Supp, Marshall, have each acted in total disregard of the rights of the Plaintiff's;</u>

4.) Took no action to investigate any of the Complaints Complained of by the Plaintiff, Created by Haase, Senter, Jackson, who with Masters, whom all reside in the United States, whiles employed at FCCC, used their office in the state of Florida, to fabricate Plaintiff's medical records; deliberately, Knowingly.

(7-0.)

B.) Deliberately turning, twisting the desires, words, statements made by the Plaintiff, denying any Credibility for Progress in the treatment area, and Program.

c.) The defendant Riddle deliberately hid all of, and/or most grievances filed by Plaintiff, or denied each on the behalfs of the above stated defendants, Sawyer, Haase, Senter; Fernandez; Carner, 7/7/2015; Local grievance log #14545; Exhibit (1-A); 6/28/2015; attachment (Exhibit (1-B)

D.) The defendants take the Position of attempting to tell the Plaintiff's life Story, as he experianced it, from 1965 — Untill 2020; totally impossible.

1.) 2/17/2015, Plaintiff was written an infraction by Senter, I, the Plaintiff, Unlike Similarly Situated other residents, Plaintiff was Singled out by Senter, that report was fabricated, Exaggerated, and intended to Subject Punishment upon the Plaintiff, See Exhibit (88), disciplinary report, Disorderly Conduct Charge,

2.) ged by Senter, for being loud and disruptive, bec- Plaintiff was char-

(7-P.)

Group members, peers were verbally in agreement with the Plaintiff's point of Subject; where Plaintiff again Complained of being harassed, bullied by a Roommate, attempting to avoid Conflict.

3.) The Plain-tiff never Yelled at Anyone, it's a Lie; Plaintiff did not Yell or Cuss or disrespect anyone in the Group room.

4.) The defendants SVPP, Sawyer, Salema, Jackson, And Masters, Haase were each directly responsible for the Plaintiff's Care, 394.910-932; Fla. Stat. Sexually Violent Predator Act; As was McCawley, Senter, And Fernandez.

5.) Plaintiff was Subjected to Punishment Out-Side of Any facility rules; See Local facility grievance Log#742, (mines), dated 2/19/15;

6.) Plaintiff Loss his First Class level-5, of the facility's Incentive Care Plan, by the defendants; as Punishment, Locked in the defendant's Confinement Unit as an added Punishment, and to and the Loss of a resident worker Position by both Johnson, and Jackson, Masters; Salema.

(7-Q.)

A.) There is no certain Amount of monies that would fix the irreparable injury and are irrevocable, ongoing; an attempt to frustrate Plaintiff's from suit.

84.) This Complaint is towards the abuses by the defendants, who are responsible for Caring for the needs of the Plaintiff who is already physically infirm;

85.) Where the defendants (Gazioch Ute, Emily Salema, Sawyer, Haase, and Masters, Jackson, Yes, each of the defendant's have direct access to Plaintiff's facility medical records, Are personally aware, have Every reason to know of; is responsable for Knowing about the Plaintiff's wellbeing, but fail to "Care"...

86.) The Policy/Pattern of Practice, Custom to exercise mental health groups in the manner which are run with reckless, hostile, and disregard for the rights of the Plaintiff's.

87.) These listed, named and unnamed defendants, Delass, Senter, Duffee, Haase, or McCauley, Jacobo; Venz, Montaldi, and Jackson, each, acted as though in Concert, agreement; disregards, deliberately denied Care owed the Plaintiff. 4/20/2015 ——— 2020; Continually.

(7-R.)

88.) The defendants wellPath, Geo, CCRS; DCF, and the SVPP., did Contract with each-other, in agreement to Provide medical Care for the Plaintiff, to Care for the Plaintiff, but from 11/1/2015, and Prior;...took

89.) direct advantage of the Plaintiff's mental health and other Serious medical Conditions; Subjected the Plaintiff to misdiagnosis; lack of diagnosis; fabricated diagnosis; And in Such, did, And Continue to misrepresent their Ethical offices.

A.)                                    Psychotherapy deals with thoughts, emotions, and behavior, but not the brain itself;

B.)                          The Past, Present Policies, Creating means to Punish the Plaintiff for a Serious, degenerate, declining, Physical Condition.

C.) The defendants Salema, McCawley, Jackson, and Masters, Senter, Sawyer, Riddle, deliberately, willfully and Knowingly Put misleading, deceptive information into the Plaintiff's records, in order to Punish the Plaintiff.

D.)                          DCF, CCRS, wellPath, Geo Group, SVPP, and FCCC failed to addoPt, Creat, or make Policy that would Provide Plaintiff due Process Owed Plaintiff, violated Equal Protection laws, attempting to Severally, Psychologically injure Plaintiff.

(7-S.)

E.) The defendant's Continual Abuses, a Complaign of harass-ment, releated by removing Approved work where monies are earned, Lost, as Punishments; for get back and Punish-ment Purposes.

1.)        Plaintiff's exercise, for Setting up his Lawsuit against these named and Unnamed defend-ants, was free Speech, Protected right Under the First Amendment, fifth, and fourteenth Amendmen-ts to the U.S. Constitution, And 8th.

2.)                    The Average Resid-ent, or Person would have Stalled from Continuing with their Suit. These Said defendants did what they did in direct response to Plaintiff's Setting up his Suit against Same, As did Senter, DCF, CCRS, SVPP.

3.)                    The defendan-ts Created their Own Policy and Custom of retaliation against residents, who help other residents/detain-ees file Complaints, Grievances, Suits in violation of the First, fifth, and fourteenth Amendment to the Con-stitution, Entitled "(Grievance Thinking)",.....

4.) The defendant's Masters Senter, Sawyer, Haase, Jackson, Verlarde, Fernandez, use the Same Policy, Grievance Thin-King in retaliation for using the defendant's grievance Procedure, Against the Plaintiff's would be witnesses.

(7-T)

5.) These defendant's Continue to engage in Particularly rePressive tactics.

6.) Plaintiff was removed from his food Service Worker Position, Senter, Masters, Verdarde, And all, Person- ally acted in agreement to remove Plaintiff's finan- ces in order to Punish for Complaints, And grievan- ces.

7.) See Exhibits (A-11), dated 9/6/2014; relating back', Local Log # 13942; And, (A-11)(2); 9/5/2014; 13928, Local Log #; attachment, Local grievance Form, (Geo); defendant.

8.) The formula, Packet used by the defendants, in Knowi- ng APProval, disciPlinary RePorting, investigating, Authorization for Same, deliberately denying with- ecesses Called by Accused, the Plaintiff, disallowing Personal Statement by accused, And building of any defense is the norm, Policy, Custom, And;

9.) General disciPlinary findings are based uPon the Staffs's or emPloyee's written Statement/rePort, is another norm, Policy, Practice, Custom, each in violation of due Process of the fourteenth Am- endment to the Constitution.

A.) denying Evidence re- quested in defense to facility Charged violation of ru- les of Fccc. See Exhibit (A11), See (Cameras) video;

(7-U)

90.) The defendants Senter and Johnson's reports were both out of get back, Exploitation, Abuse, with direct, knowing intent and intentions to punish the Plaintiff for punishment Purposes.

91.) The actions of; And inactivities of the defendants Geo, DCF, Fccc, CCRS, to fail to Create Policy that would Provide Protecting the due Process rights of the Plaintiff's was an exercise to Protect emploYees from Complaints Like unto the Plaintiff's, denied equal Protection. was State malPractice.

92.) Policy which violates due Process of federal Law is: (Based upon the officer's / written report) Alone, violates Procedural due Process of the fourteenth Amendment to the U.S. Constitution.

93.) ent to retaliate against the Plaintiff, by the defendants Sawyer, CCRS, Geo, DCF, And Fccc; Jackson, and Masters, with Svft; See Exhibit (D144); Grievance Local # 10/29/2015; motivated by intent—

94) The defendant's Riddle acted PersonallY in efforts to block grievances, in Preparation for law Suit Against the administration, Fccc, refused to respond to many out of retaliation for Suit, ContinuallY 2/2/2020; —

(7-V)

SUPPLEMENTARY AFFIDAVIT FORM

Complaint #

Officer:

95.) The failure of the defendants DCF, SvPP, and Geo Group, to Creat Policy workable, to investigate reports of abuses of the Plaintiff;

96.) The defendants DCF, SvPP, and Geo Fccc to fail to Communicate with Plaintiff, review and investigate, Check the Plaintiff's allegations out;

97.) The failure of the defendants DCF, SvPP, Geo, Fccc, and Montaldi, to take any to review allegations of abuse by Plaintiff 2/20/2018, 2016, was an exercise, and statement that the local defendants Could do, as have, whatever they wanted.

98.) Thus, approved, agreed with the defendants Sawyer, Senter, Jackson and Masters, that the fabrication of records, the unlawful punishment of Plaintiff, out-side of Due Process of law was Constitutionally permissible;

99.) Plaintiff was transfered in his treatment, punished, Phased down, Set back for several years, in his treatment as a punishment, not that Plaintiff was in disagreement as to what type of treatment, but punished and deliberately removed from all treatment 2/17/2015 —

100.) This is not about the Plaintiff, but the abuse (of) the Plaintiff, by the defendants, and SvPP, DCF, FCCC, Montaldi are silent.

Signature of Affiant: _____

Date: _____

(7-W.)

Sworn and subscribed before me this __ day of _____ 20 _____

Notary Public or Law Enforcement Officer: _____

Page ____ of ____

101.) The defendant's, their personally being directly involved in the Plaintiff's <u>Mental health "Punish-ment"</u> <u>6/6/2019 — 2/20/2020;</u>

102.) <u>2/2014;</u> defendant's Standard Policy Provision: <u>See Exhibit (72);</u>

A.) Right to <u>Equal treatment</u>; <u>denied;</u>

B.) Right to <u>Safe Living Conditions</u>, including; <u>Safe and Secure environment</u>, <u>denied;</u>

C.) Right to <u>Protection from abuse</u>; <u>Physical Abuse, emotional abuse,</u> and other forms of <u>exploitation</u>; <u>denied also;</u>

D.) Right to <u>freely Speak</u> and <u>express oneself in writing</u>; <u>denied;</u>

E.) Right to <u>health Care</u>, including <u>Medical treat-ment</u>, <u>denied;</u>

F.) Right to <u>Protection from retaliation</u>, <u>denied.</u>

103.) This Created List of rights are a deliberate Sham, a deliberate hoax, fixed for the benifit of the defend-ant's, rather than for the Plaintiff.

( 7-X.)

104.) Groups-"(classes)" mines, ... were intensed heated even and most emotional for each resident peer group-mate and Plaintiff was discriminated against by/S. Senter 2/19/2015; approximately

A.) See facility local log#14545; #7426, 2/19/15; See Exhibit Prior (1-A); dated 6/28/2015;

B.)                        Plaintiff states that he'd been infracted by Senter, attempting to disguise her deliberate Abuse and intent, with intentions to punish Plaintiff for having Complained:

C.)                        The defendants wellpath, DCF, in agreement with Geo, CCRS, Supp and Fccc, Condoned Personally, failed to Creat Policy that Complied with federal Procedural due Process of Law; See Plaintiff's Exhibit (63-A); 1/18/2011;

D.)                        The Above named defendant's failure to Create Policy with respect to adequate due Process, was intent reckless, Careless, And with total disregard for due Process under law, and was clear intent to deliberately Punish, Creating a Mental upset, Chronic Abuse Emotionally, to anger and Subject hostility via Abuse by defendants.

(7-Y.)

105.) It was not, and did not start initially with the defendant Senter, but where the defendant Senter attempted to cover up a bigger issue where Plaintiff was being bullied by his roommate.

106.) See Exhibit (D-5); dated 1/28/16, FCCC Approved grievance, ignored by the defendants Masters, Jackson, Haase Sawyer, as a direct result of FCCC directors and DCF - SVPP and Coep, who each have agreed to hide said Abuses, called (Grievance restriction) policy, and;

107.) But for the defendants approval of; Condonance, And authorization to punish the plaintiff, allowing the Abuses upon the Plaintiff by Sawyer, S. Senter, Jackson, Masters; and Haase; McCawley, (R. McCauley); M. Johnson;

108.) each of the immediate, and above defendants DCF, CCPS, SVPP, FCCC, and Coep, wellpath, each allowed, approved the discriminate, reckless, careless, Abuses Upon the Plaintiff, created a threat to the Plaintiff's good health, all in in the name of (Program) and (civil commitment). See Exhibit (D-5); local Grievance Log#15400;

109.) The policy Governing treatment interruptions, for (o six months, to One Year, Phasing one down from level 2.1 of the five teir or tier Program is Arbitrary, ill advised, reckless, And violate due process, facility rules. See Exhibits (D-2); Grievance dated 2-20/2016; And See

110.) Threat to punish Plaintiff for a missed group Session; and /or missed appointment with a case worker, I do not have to; by force; . . . . .    (7-2.)

A.) Punishing Plaintiff if he declines to go to School; threatening the plaintiff if he declines to attend School, or Vocational Classes;

B.) The removal of privileges out side of rule violation, violate facility policy; due process; See Exhibit (9Bc); Grievance Local Log #15474; 1/28/2016;

C.) The very fact here is where mental health becomes not merely punishment, not simply punitive; but both, as a direct result of being a detainee housed at Fccc;

D.) Defendants all, DCF, Svpp; CCRS, Wellpath and Geo; agreed, each, knowingly under Contract that is the direct essense of Punishment Policy, Un Constitutional. See Exhibit (D(6)), Grievance, dated 11/13/15; blocked by Riddle, authorized by Sawyer, Jackson, defendants.

1.) Local Log #15158; Grievance dated 11/13/15; Plaintiffs Exhibit (D(6)); The right to Protection (f)rom "Abuse"; See free Speech; Riddle, S. Senter, 11/2/15;

2.) The threat made by the defendants Senter for filing Complaint; as did, and does Riddle, See Exhibit (4(c)); dated 3/12/15, Grievance; no reply.

(711-A.)

Case 2:20-cv-00494-SPC-M_M    Document 1    Filed 07/13/20    Page 38 of 41 PageID 38
Case 2:18-cv-00418-SPC-MRM    Document 40-1    Filed 05/12/2020    Page 8 of 10 PageID
322

## VI.    ADMINISTRATIVE PROCEDURES

*WARNING:* **Prisoners** *must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII.    RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

3.) As a direct and Proximate result of the acts and Omissions of the defendant Sawyer, Jackson, Masters, the Plaintiff, Ratvon Boatman, Suffered the loss of his Physical well-being, And deprived of his First and Fourteenth Amendment rights to the U.S. And State of Florida's Constitutions.

4.) As a direct and Proximate result of the acts and Omissions of the defendants Haase, Jackson, Supt. DCF, CCRS, Wellpath, Geo, the Plaintiff Ratvon Boatman, Suffered the loss of his mental and Emotional well-being and deprived of his First and Fourteenth Amendment rights, and due Process Under the U.S. And Corresponding State's Constitutions, with negligence.

111.) As a direct and Proximate result of the defendant's CCRS, Masters, Sawyer, R. Jackson, Haase, Senter, Geo, DCF, Supt. Acting in bad faith intent to Punish, and their each actions, the Plaintiff, Ratvon Boatman has been injured.

112.) **(RELIEF CONTINUED)**

The damages being sought by the Plaintiff, individually includes, but not limited to the following:

A.) Emotional and mental, Physical damages against the applicable defendants.

B.) Compensatory damages against the applicable defendants.

C.) Punitive damages against the applicable defendants.

D.) All such further relief, both general and Specific to which the Plaintiff may be entitled.

1.) Wherefore, the Plaintiff, Rayvon L. Boatman Prays for judgment against the defendant Donald Sawyer, Haase, Senter, Jackson and Masters; each jointly and severally for the following:

2.) Compensatory damages against the applicable defendants in the amount of: $198,000.00 to be determined by a Jury;

3.) Punitive damages against the applicable defendants in the amount of: $270,000.00, to be

## VIII.   LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a **prisoner** from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

**ALL LITIGANTS MUST ANSWER:.**

Have you to date brought any other lawsuits in state or federal court while a confined?   ☑ Yes   ☐ No

If yes, how many?  *over 100+*

Number each different lawsuit below and include the following:  *do not have any listing of each case #S.*

- Name of case (including defendants' names), court, and docket number
- Nature of claim made  *medical / Due process / Mental Care state CT./*
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

*Do not have accurate List of cases, names 1994 —*

**Page 9 of 10**

Case 2:20-cv-00494-SPC-M_M    Document 1    Filed 07/13/20    Page 41 of 41 PageID 41
Case 2:18-cv-00418-SPC-MRM    Document 40-1    Filed 05/12/2020    Page 10 of 10
PageID 324

## IX.    PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case**.

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

7 / 8 / 2020
Dated                                    Plaintiff's Signature

BOATMAN  Rayvon  L.
Printed Name (Last, First, MI)

# 991180
Identification #
Florida Civil Commitment Center
FCCC                    Arcadia,           Florida  34266
Institutional Name  13619 S.E. Hwy 70    City        State        Zip Code